PENET, INC., Respondent, *v.* F. PINET SHOE COMPANY, INC., and Others, Appellants.

First Department, October 28, 1932.

*Hiram C. Todd* of counsel [*Milton C. Rose* and *Clifton Cooper* with him on the brief; *Baldwin, Hutchins & Todd*, attorneys], for the appellants.

*Charles A. Cohen* of counsel [*Milton Goldman* with him on the brief; *Charles A. Cohen*, attorney], for the respondent.

MERRELL, J. The plaintiff claims to have established a reputation as a seller of ladies' high-grade shoes at 510 Madison avenue, in the city of New York, under the name and trade-mark " Penet." Plaintiff's business at 510 Madison avenue was founded in October, 1924. In the front window of its Madison avenue establishment and affixed to the " sock lining " of ladies' shoes offered for sale by plaintiff there appeared the words " Penet de Paris a Vous," which, freely translated, meant " Penet of Paris to you." The

unquestioned intention of the plaintiff was to advertise and hold itself out to the public as a dealer in Parisian footwear and shoes coming from Penet of Paris to the purchaser here. The shoes which it sold were highly priced at from forty dollars to fifty-five dollars a pair. In September, 1930, the defendant F. Pinet Shoe Company, Inc., was incorporated in this country and opened a place of business at 682 Fifth avenue, where it displayed for sale shoes of the same general character as those in which plaintiff had dealt since 1924. No adequate reason is offered for the adopting by plaintiff of the trade name "Penet," so similar to the well-known Parisian corporation of F. Pinet, which, since the middle of the nineteenth century, had been engaged in the manufacture and sale of women's fine shoes in Paris. Shortly before the World War the Parisian corporation, successor to the original Pinet corporation and known by the corporate name of "Societe Anonyme des Chaussures, F. Pinet," contemplated the establishment of a branch of its business in the United States. Pending the World War that project seems to have been held in abeyance, but finally in 1930 two directors of the F. Pinet Parisian corporation, the defendants Marcel Monteux and Andre Rouchaud, came to this country and incorporated the defendant F. Pinet Shoe Company, Inc., and at once opened the establishment at 682 Fifth avenue.

The court at Special Term enjoined the defendants from the use in its business of the defendants' corporate name upon the ground that it constituted an act of unfair competition with the plaintiff. We are of the opinion that the court was not justified upon the evidence in granting the plaintiff injunctive relief. Plaintiff does not come into a court of equity with clean hands. In our opinion, by the adoption of the corporate name of Penet, so similar to the well-known name of Pinet, and the pretense of selling shoes from Paris, "Penet de Paris a Vous," clearly constituted a fraud upon the public. Unquestionably the plaintiff intended thereby to represent to the public that it was importing shoes of the well-known manufacturer, F. Pinet, Paris, and selling the same directly to customers here. At the time the plaintiff established its business on Madison avenue, in the trade and among many of our people the name Pinet was associated with ladies' shoes of the highest grade, manufactured in Paris. For many years these shoes had been sold to customers in this country and to a limited extent had been imported by dealers here and exhibited throughout the United States as ladies' shoes of the highest quality. The shoes dealt in by plaintiff were substantially all of American manufacture. The evidence does not disclose that any of the shoes of F. Pinet made in Paris were ever dealt in by plaintiff, although there was some

evidence of the shipment of a limited quantity of shoes obtained from some unidentified dealer in Paris. We are of the opinion, therefore, that the plaintiff is not in a position to ask of a court equitable relief. We are furthermore in doubt as to whether the evidence would justify granting to defendants injunctive relief against the plaintiff. It seems to us that upon the evidence it fairly appears that both plaintiff and defendants are competitors in the sale of shoes modeled after the well-known style of the Parisian goods, and that neither has the exclusive right to the adoption of the well-known Parisian trade name in its business. Certainly, the plaintiff has shown no right to relief in a court of equity, the plaintiff having been shown to have been guilty of an act of fraud and deception on its part, and the defendants, likewise, are attempting to sell American-made shoes under the pretense that they are the Parisian article. We believe both parties are guilty of attempting to deceive the American public.

We are, therefore, of the opinion that the judgment appealed from should be reversed, with costs of this appeal, and plaintiff's complaint dismissed, with costs to defendants. We are also of the opinion that the counterclaim contained in the defendants' answer was properly dismissed at the trial.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Judgment in so far as it dismisses the counterclaims contained in defendants' answer affirmed, and in all other respects reversed, with costs to defendants and the complaint dismissed, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.