STEPHEN F. WHITMAN & SON, Inc., v. CHRISTY COSMETICS, Inc.

CHRISTY COSMETICS, Inc., v. STEPHEN F. WHITMAN & SON, Inc.

Patent Appeals Nos. 4829, 4831.

Court of Customs and Patent Appeals.

Feb. 7, 1944.

Mason, Fenwick & Lawrence, of Washington, D. C. (Edward G. Fenwick, of Washington, D. C., of counsel), for Stephen F. Whitman & Son, Inc.

Joseph J. Juhass, of New York City, for Christy Cosmetics, Inc.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

These are cross-appeals in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing the notice of opposition of appellant, Stephen F. Whitman & Son, Inc., but reversing the examiner's decision so far as it held that Christy Cosmetics, Inc., was entitled to the registration of its alleged trade-mark "Sampler" for use on lipsticks.

The applicant, Christy Cosmetics, Inc., alleged in its application for registration that it had used its mark on its goods since June 1932.

In its notice of opposition, the opposer, Stephen F. Whitman & Son, Inc., alleged that it was the owner of trade-mark registration No. 155,868, issued June 6, 1922 (renewed June 6, 1942), of the word "Sampler" for use on candy; that the goods of the parties possessed the same descriptive properties; that the opposer was the prior user of the mark; and that it would be damaged by the registration of applicant's alleged trade-mark "Sampler."

No evidence was introduced by either party, although a copy of the opposer's registration is in the record.

It appears from the record that the applicant filed with its application for registration certain cartons on which, it was contended, appeared the trade-mark as actually used. The cartons were, as stated by the commissioner, "designed to contain a lipstick and eight samples" of lipstick of different colors which are stated on the cartons to be "the famous Christy colors." The cartons, as stated by the commissioner, "are labeled 'Christy Lipstick Sampler Set,' all four words being printed in the same type and in a single line." The words "Try All Eight Colors on Your Lips" are also printed on the cartons, together with certain advertising matter and an explanation of the proper manner of testing the colors to determine the one desired.

In holding that the applicant was not entitled to register the term "Sampler" for use on its goods, the commissioner said:

"The word 'sampler,' defined as 'a specimen or example,' is listed as obsolete in Webster's New International Dictionary; but manifestly that is the meaning it is intended to convey to purchasers of applicant's product. Certainly it is not used as a trade-mark, nor is it likely to be considered by the public as an indication of origin. It is merely an apt name describing applicant's unique package."

In appeal No. 4829, the appellant, Stephen F. Whitman & Son, Inc., appealed from the decision of the commissioner holding that the goods of the parties did not possess the same descriptive properties and affirming the decision of the Examiner of Interferences dismissing appellant's notice of opposition.

Although it is contended here by counsel for appellant that the goods of the parties possess the same descriptive properties, we think, as did the tribunals of the Patent Office, that they obviously do not.

Counsel for appellant presents no argument here in support of the claim contained in their reasons of appeal that the goods of the parties possess the same descriptive properties. Accordingly, that issue requires no further discussion.

In appeal No. 4831, the appellant, Christy Cosmetics, Inc., appealed from the decision of the commissioner holding in an

ex parte rejection of appellant's application for registration that appellant had not used the term "Sampler" as a trade-mark; that the term did not indicate to the public the origin of appellant's goods; and that as used the term was "merely an apt name describing applicant's unique package."

Counsel for appellant here contends that appellant is entitled to the registration of the term "Sampler," apparently upon the theory that the term was the dominant feature of a composite trade-mark, and, in support of his contention, counsel cites the case of In re Standard Underground Cable Company, 27 App.D.C. 320.

In that case the applicant sought to register the term "eclipse" as a trade-mark for use on insulated wire. It appears that the label attached to the applicant's goods included the term "eclipse" printed on a dark background representing a partial solar eclipse and the words "Black Core" appearing immediately underneath the dark background. The court there held that it was not unusual for a trade-mark, such as a coined or fanciful word, to be used upon a label on which appeared embellishments and other matter, and that when the commissioner found that *the mark as claimed had been actually used* "in interstate or foreign commerce" as a trade-mark he was without authority to require the applicant to add embellishments and other matter appearing on the label to the technical trademark desired to be registered.

In the case of Quaker City Flour Mills Company v. Quaker Oats Company, 43 App. D.C. 260, it appears that the applicant filed an application for the registration of the term "Quaker" for use on flour. It further appears that it had never used the term "Quaker" alone as a trade-mark, but had used the mark "Quaker City." The court held that as appellant had not used the term "Quaker" as a trade-mark, it was not entitled to register it. In so holding, the court said that the law required that the mark for which registration was sought be the mark that had been actually used as a trade-mark. In support of its decision, the court cited and quoted from the decision in the case of In re Motz Tire & Rubber Co., 40 App.D.C. 487, where it was held that an applicant was not entitled to the registration of a mark which it had not used as a trade-mark. The court also distinguished the issues in the Quaker City Flour Mills Company case from those presented in the case of In re Standard Underground

Cable Company, supra, stating that the term "City" in the trade-mark "Quaker City" was more than a mere embellishment appearing on appellant's label, that it was an integral part of appellant's trade-mark.

We think it is apparent from the record that applicant has not used the term "Sampler" as a trade-mark. According to the specimens filed with appellant's application, the term has been used merely as a part of the phrase "Christy Lipstick Sampler Set." As used, it was not intended to indicate the origin of appellant's goods. On the contrary, as stated by the commissioner, it was merely a part of the phrase "Christy Lipstick Sampler Set" which was used to describe applicant's "unique package" arrangement.

The term "Sampler" not having been used as a trade-mark by the applicant, applicant is not entitled to the registration which it seeks.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.