Hofstadter, J.
In this action for trade-mark infringement and unfair competition, the plaintiff has moved to strike for insufficiency two defenses and four counterclaims in the answer. The complaint alleges three causes of action: (1) for infringement of trade-mark; (2) for unfair competition on substantially the same facts as those stated in the first cause of action; and (3) violation of section 340 of the General Business Law iu *73 underselling the plaintiff by the sale of the defendant’s offending and competing product below cost.
The trade-mark claimed by the plaintiff is “ Oxy ” applied to a type of static eliminator, which the plaintiff has registered under the laws of this State. Though claiming priority of use, the plaintiff does not in its complaint allege the time of the commencement of its use nor the date of the registration of its trade-mark in New York. It complains of the defendant’s designation of a similar static eliminator device as “ Oxy-Dry ”, and demands both equitable relief and damages.
The first defense alleges, in substance, that the defendant in good faith adopted the trade-mark “ Oxy-Dry ”, derived from its corporate name, in 1942, and has used it continuously ever since on its device sold in interstate commerce, and that in 1950, on an application filed by it in 1948, its trade-mark was registered pursuant to the Federal Trade-Mark Act of 1946 (U. S. Code, tit. 15, § 1051 et seq.) and that, under this act, its right to use its registered trade-mark has become incontestable. Under the act a sufficient defense is set up by the defendant. Within the limitations of section 15 of the act itself the plaintiff is not thereby foreclosed from establishing that the defendant’s registered mark infringes on a valid mark acquired by it and antedating the defendant’s registration. Presumably, this will be one of the issues for determination in the action. The defense adequately states the defendant’s position under the TradeMark Act and, as pleaded, states a valid defense. Accordingly, the motion to strike the first defense is denied.
The fourth defense, concluding with the charge that the plaintiff has brought the action in bad faith and is guilty of unclean hands, contains sufficient factual allegations to support the charge so made, among them that the plaintiff never used “ Oxy ” as a trade-mark, but only in association with other enumerated words, that “ Oxy ” itself, as used by both plaintiff and defendant, is descriptive and suggestive of the function of their products; the plaintiff did not register its ‘ ‘ Oxy ’ ’ trade-mark in New York until May, 1955, shortly before the service of the complaint in this action, well knowing that it had never used “ Oxy ” as a trade-mark; the plaintiff filed a false petition for the cancellation of the defendant’s Federal trade-mark in which it, without basis therefor, accused the defendant of having obtained its registration fraudulently; there is no conflict between the marks and the plaintiff is maliciously endeavoring to deprive the defendant of its business, good will and trade-mark. The foregoing summary of itself *74 demonstrates the sufficiency of the fourth defense and the motion to strike it is denied (Penet v. Pinet Shoe Co., 236 App. Div. 479).
The first counterclaim, by incorporation of prior parts of the answer, alleges that the plaintiff obtained its New York registration of ‘ ‘ Oxy ’ ’ without ever having used this term singly as a trade-mark and that the registration is, therefore, subject to cancellation, pursuant to the statute (General Business Law, § 367). A cause of action for cancellation under the statute is stated; the defendant’s answer demands such cancellation. The counterclaim is sufficient (Stephen F. Whitman & Son v. Christy Cosmetics, 140 F. 2d 1001,1003) . The motion to strike it is denied.
The second counterclaim, after incorporation of prior portions of the answer already summarized, such as the plaintiff’s nonuse of “Oxy” as a trade-mark, the absence of conflict between the marks of the parties, and the plaintiff’s unfounded petition for the cancellation of the defendant’s Federal registration, continues that the plaintiff maliciously asserted false statements pertaining to the defendant’s “ Oxy-Dry ” trade-mark, such as that the defendant is using it to violate the United States and New York State antitrust laws, has fraudulently obtained its Federal registration and has “ infringed plaintiff’s trademarks, and that the plaintiff’s actions have caused the defendant severe damage.” A cause of action is here stated under the expanding doctrine which imposes liability for the intentional infliction of temporal damage and malicious interference with the business of another; false statements known to be a potential source of injury may give rise to such liability (Al Raschid v. News Syndicate Co., 265 N. Y. 1; Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79; Schauder v. Weiss, 88 N. Y. S. 2d 317, affd. 276 App. Div. 967; Restatement, Torts, Vol. 4, § 873). Since the second counterclaim states a cause of action, the motion to strike it for insufficiency is denied.
The third counterclaim also challenged for insufficiency, incorporates the same prior allegations as the second counterclaim. Instead, however, of charging the plaintiff with the making of false statements, in the third counterclaim the defendant charges the plaintiff with the fraudulent institution of the cancellation proceeding and of this action, in bad faith solely to damage the defendant. The plaintiff is thus charged with conducting groundless, vexatious and oppressive litigation. The malicious use of legal process solely to inflict injury on another has been held actionable (Munson Line v. Green, 6 F. R. D. 14, appeal dismissed 165 F. 2d 321; 6 F. R. D. 470; J. J. Theatres v. V. R. *75 O. K. Co., 96 N. Y. S. 2d 271). This counterclaim is, therefore, sufficient and the motion to strike it is denied.
The fourth counterclaim charges that the plaintiff and its officers, directors and managing agents have conspired among themselves to institute the cancellation proceedings and this action in bad faith in contravention of section 580 of the Penal Law. This section provides that if two or more persons conspire falsely to institute an action or special proceeding, each is guilty of a misdemeanor. Except for the allegation just mentioned, the fourth counterclaim merely incorporates earlier allegations of the answer, already embodied in the first three counterclaims. In effect, therefore, the fourth counterclaim does little more than characterize the conduct alleged in the previous counterclaims as a criminal conspiracy. As such it is needless for it adds nothing to the earlier counterclaims (J. J. Theatres v. V. R. O. K. Co., supra). Assuming an independent cause of action for violation of this penal provision to be maintainable (see Schauder v. Weiss, 88 N. Y. S. 2d 317, affd. 276 App. Div. 967, supra; Munson Line v. Green, 6 F. R. D. 14, appeal dismissed 165 F. 2d 321; J. J. Theatres v. V. R. O. K. Co., supra), the counterclaim in its present form in effect charges the plaintiff with conspiring with itself. For, it is not alleged that its officers, directors and agents were doing anything in furtherance of the conspiracy, other than on its behalf. Since plaintiff could act only through them, there is no statement of a conspiracy engaged in by two or more persons. The fourth counterclaim is, therefore, insufficient and is stricken, with leave to the defendant to serve an amended answer within ten days after service of a copy of the order with notice of entry.