UNITED DRESSED BEEF COMPANY OF NEW YORK, Plaintiff, *v.* UNITED BUTCHERS, INC., Defendant.

Supreme Court, New York County. November 25, 1932.

*White & Case* [*Chester Bordeau* of counsel], for the plaintiff.

*Max Ornstein,* for the defendant.

COHN, J. Motion for an injunction *pendente lite* is granted.

The plaintiff has been engaged in the business of slaughtering cattle and dressing meats for distribution and sale among retail butchers in the city of New York for a period of forty years. The defendant was incorporated in June, 1932, and has since been engaged in the same business as the plaintiff in this city. It appears the plaintiff does a very large business and has generally been referred to in its trade as the "United." Although the word ".United" cannot be considered the exclusive property of the plaintiff, it has acquired over a long period of years a secondary meaning for its name. (*United Drug Co.* v. *Parodney,* [D. C.] 24 F. [2d] 577.) Furthermore, the defendant has not offered any explanation for adopting the name which it now uses. It is reasonable to assume that it was done for possible advantage that might occur from the similarity of names. Even if there were no wrongful purpose, the good will of plaintiff's business is entitled to protection. (*Eastern Const. Co., Inc.,* v. *Eastern Engineering Corp.,* 246 N. Y. 459.) It is not necessary to show that there has been any confusion or loss of business as a result of the similarity of names.

If there be a sufficient showing that confusion and deception with consequent loss of business and unfair competition are likely to occur, an injunction should issue. (*Metropolitan Telephone & Telegraph Co.* v. *Met. Telephone & Telegraph Co.*, 156 App. Div. 577, 583; *T. A. Vulcan* v. *Myers*, 139 N. Y. 364; *German-American Button Co.* v. *Heymsfeld, Inc.*, 170 App. Div. 416, 421.) Settle order accordingly, and let provision in the order be made for a suitable bond.