PREFERRED OIL COMPANY, INC., Plaintiff, *v.* PREFERRED FUEL CORPORATION and Others, Defendants.

Supreme Court, Kings County, July 27, 1933.

*Weinstein & Levinson,* for the plaintiff.

*Herman Mendes,* for the defendant Preferred Fuel Corporation.

*W. Rossiter Redmond,* for the defendants Paragon Oil Company, Inc., and General Oil Trucking Corporation.

STEINBRINK, J. Plaintiff seeks an injunction restraining the defendants *pendente lite* from the use of the word " Preferred "

in connection with the sale and delivery of fuel oil. The plaintiff, Preferred Oil Company, Inc., was in business for about three years before the defendant Preferred Fuel Corporation was organized. The defendant Preferred Fuel Corporation, which operates in the same field as the plaintiff, buys its oil from the defendant Paragon Oil Company, Inc., and in fact was incorporated by the attorneys for the Paragon Company. After its purchases are made deliveries are made in the trucks of the defendant General Oil Trucking Corporation, a subsidiary of the Paragon Company, and whenever such deliveries are made there is displayed on these trucks, not the name of the General Oil Trucking Corporation, but rather a sign reading " Preferred Fuel Corporation." There is presented clear evidence of, not alone confusion between the two names, but of actual mistakes by customers of the product of the one company for that of the other. Why the defendant Preferred Fuel Corporation had to select the name " Preferred " out of the thousands of names available to it the court is at a loss to understand, unless it was for the precise purpose of striking at the plaintiff. Commercial thrift is entitled to the law's protection. Constantly honest business is striving for a higher standard of business morality. The defendants, from the papers before me, do not appear to be interested in or governed by these higher standards. They seek, through most unfair practices, to cut in on the business of the plaintiff, and to undermine it. Clearly, what has here been done should be enjoined, even if what the defendants did originally had no wrongful purpose. The plaintiff's good will is entitled to protection (*Eastern Construction Co., Inc., v. Eastern Engineering Corporation*, 246 N. Y. 459), and especially is this so in the light of the dissent expressed by Judge CRANE, who laid down a fundamental rule of honesty with which no honest business man should disagree. There is here a showing that confusion and deception with possible consequent loss of business and unfair competition are likely to occur. (*Metropolitan Telephone & Telegraph Co. v. Metropolitan Telephone & Telegraph Co.*, 156 App. Div. 577, 583; *T. A. Vulcan v. Myers*, 139 N. Y. 364; *German-American Button Co. v. Heymsfeld, Inc.*, 170 App. Div. 416; *United Dressed Beef Co. of New York v. United Butchers*, 147 Misc. 92.)

The injunction will issue. Settle order on notice and let provision be made in the order for a suitable bond.