MARTIN H. SMITH COMPANY, Appellant, *v.* AMERICAN PHARMACEUTICAL COMPANY, INC., and Another, Respondents.

Judgment affirmed, with costs. No opinion.

Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.; Martin, P. J., dissents.

MARTIN, P. J. (dissenting). Approximately thirty years ago the plaintiff adopted the word "Ergoapiol" under which to market a pharmaceutical preparation composed chiefly of the drugs known as ergot and apiol but which also contained several other ingredients. It duly registered that name as a trade-mark. Since that time plaintiff's product has been known and identified by that name. Upon this record it clearly appears that this trade name has acquired a secondary meaning dissociated from the basic components of the preparation and associated with the particular preparation. During the past ten years the plaintiff has expended upwards of $400,000 in advertising its product, and in that time its sales aggregated $4,000,000.

The corporate defendant, from 1926 to 1932, also manufactured and sold a similar preparation under the name "Ergot and Apiol Compound." In 1932 the defendants discarded this designation and adopted instead that of "Ergot-Apiol." At the same time the defendants discontinued the use of the square cardboard container of twenty-four capsules which it had until then been using, and substituted a tin box approximating in size and general appearance the oblong tin box used by the plaintiff, reducing also the number of capsules to the same number contained in the package of the plaintiff and packing the capsules in a nest-like paper inlay, which up to that time had been peculiar to the plaintiff's product.

The evidence indicates that the defendants have gone to great extremes to simulate the package of the plaintiff. Designations other than that used by plaintiff for its product were not lacking. The preparation could more accurately have been described by the term "Apiol and Ergotin Compound," or by the term used by the defendants prior to the appropriation of plaintiff's trade-mark, namely, "Ergot and Apiol Compound," or by the term "Apiol-Ergotin." In this similarity of name and package is inherent the vice that it enables dealers, who themselves are quite aware of the difference in the products, to palm off upon unsuspecting customers the one product for the other. The intent to accomplish this will be implied from the creation of the opportunity. There is in the record considerable evidence of the fact of such passing off of defendants' product for that of the plaintiff. It is, however, the possibility rather than the fact itself that is important. (*Thum Co.* v. *Dickinson*, 245 Fed. 609, 621.)

It is the contention of the defendants that they should not be stayed from appropriating the fruits of the plaintiff's extensive advertising of its trade name, because said name is descriptive of the principal drugs which form the basis of

the compound. The defendants also contend that in the cases where unfair competition in the use of a trade name has been enjoined it was held that such name was not entirely descriptive of the article involved. In support of this proposition the defendants have cited cases which do not involve unfair competition or have culled from cases which do, words which lend themselves to its contention. The defendants, however, have ignored the controlling thought of the latter decisions; the spirit which gives life and meaning to the words, namely, that unfair competition will not be tolerated, that commercial piracy must stop.

It begs the question to argue that the defendants are within their legal rights in respect to each individual act here involved. Of course, defendants have the right to use the names " Ergot " and " Apiol." They have the right to use a tin container and a nest-like paper inlay and a particular color scheme. Defendants, however, have not the right to market their product in such manner as to cause the public to mistake it for the product of the plaintiff. (*Mainzer, Inc.*, v. *Gruberth*, 237 App. Div. 89; affd., 262 N. Y. 484.)

In the case at bar it is no mere coincidence that has given rise to the above-mentioned facts. There is in the record evidence of a general course of conduct on the part of the defendants to market their product under names similar to those in use by their competitors.

Nor does the fact that plaintiff coupled its own name with its trade-mark prevent the acquisition of a secondary meaning by the trade name and give to the defendants the right to use the equivalent thereof in such a way as to mislead the public. The trade-mark is what has at all times been accentuated in the advertising of the plaintiff, and not the name of the plaintiff.

The judgment should be reversed and judgment as prayed for rendered in favor of plaintiff.