THE NORWICH PHARMACAL COMPANY, Plaintiff, *v.* AMERICAN PHARMACEUTICAL CO., INC., and Another, Defendants.

Supreme Court, Special Term, New York County, June 22, 1936.

*Breed, Abbott & Morgan,* for the plaintiff.

*Louis Barnett,* for the defendants.

COTILLO, J.   Plaintiff has moved for an injunction *pendente lite* to restrain the defendants from manufacturing, selling and distributing certain medical products under the names of " Unguentum," " Antiseptic Unguent," or any other names which simulate plaintiff's trade-mark " Unguentine."

Plaintiff has been using this name since March 13, 1893. In 1894 it received a certificate of registration from the United States Patent Office, and this registration has been kept alive by renewals. The product of plaintiff is an ointment which comes in a tube which bears the name " Unguentine," with a registration notice prominently on it and the slogan " The First Thought in Burns " together with a statement that it is " An Antiseptic Surgical Dressing." Plaintiff's total sales throughout the United States during the years 1923 to 1935 have been over $13,000,000. Nearly $4,000,000 has been spent in advertising the product under the trade-mark " Unguentine."

The defendant American Pharmaceutical Co., Inc., is a New Jersey corporation, doing business in this State. Among its products is one known as " Afko Antiseptic Unguent." That product is vended in a tube of similar size to " Unguentine," although the color scheme of the tube differs. On its container defendant has the title " Afko Antiseptic Unguent," and the observation, " The Modern Aid for Sunburn, Minor Burns, etc." The two products are almost identical in color, consistency and odor, defendant's product being slightly paler. Defendant explains that since 1934 it has used the name " Unguentum A. P. C.," but it has recently ceased using the word " Unguentum " and does not intend to resume that use, although it points out that the word is contained in the American Pharmacopœia. It has only recently adopted the form " Afko Antiseptic Unguent," the word being a phonetic abbreviation of the initials of its corporate name " A. Ph. Co.," and " Unguent " being, according to the defendant, a word in common use. It contests the right of plaintiff to the exclusive use of the word " unguent " and challenges its right to the trademark " Unguentine " because it is based on a word in common speech.

Plaintiff's grievance is founded not merely on a claim of infringement of trade-mark but on a claim of unfair competition. A trademark may ordinarily not be based on a word in common use, and yet long usage may give it a secondary meaning when used with a given product, so as to give the owner of that product a proprietary right to use the word in connection with that article and to give him the right to injunctive relief against any one who uses that word in its secondary sense. This relief is not alone for the benefit of the owner of the product but for the benefit of the consuming public, upon whom it would be a fraud to palm off somebody else's product in the belief that they were purchasing the original. It is quite true that " unguent " is a word found in the dictionary, but it is not one used in common everyday

speech. As a rule only one interested in etymology would be acquainted with the fact that " unguent " and " ointment " are the same word. Therefore, it is one thing to say that a word like " ointment " cannot acquire any secondary meaning by continued usage, and to endeavor to apply the same thought to an unusual word like " unguent." If the product vended were not intended for popular over-the-counter use, but were restricted in its sale to technical medical circles, the argument might be different and the pharmacopœia might effectively be resorted to in order to contest the right of the plaintiff to the use of the word " unguent " or any derivations of it as a trade-mark to the exclusion of others.

The history of the defendant in relation to the use of the word complained of does not spell good faith. Originally the product was sold as an " ointment." Later this was changed to " Unguentum Antiseptic," and the use of that expression was discontinued because of orders of the public authority, by reason of the fact that the term " antiseptic " was a misrepresentation. Defendants have now adopted their present name. The expressions and the slogans on that tube  such as " Antiseptic " and " Modern First Aid " all indicate a studied imitation of plaintiff's method of vending. While these slogans themselves are not examples of unfair competition, being common to all manufacturers, nevertheless, in connection with the use of the name " Unguent," they indicate an intent not to use that expression as a common designation, but to benefit by the good will which plaintiff has established, and by the secondary meaning which it has created in the name " Unguentine " as a balm for burns and other skin irritations.

There is no force in the argument that plaintiff is guilty of laches. By defendant's own admission its present name is only of recent. adoption. The other names it used resembling " Unguentine " it has abandoned. But even if plaintiff had been silent for any length of time, with notice of defendant's acts, that alone would not deprive it of its rights. Silence alone would, at most, constitute a license revocable without notice. (*Menendez* v. *Holt*, 128 U. S. 514.)

The motion for a temporary injunction should be granted upon plaintiff's furnishing an undertaking in the sum of $10,000 and upon condition that the case be put on the calendar for trial during the first week in October. Settle order.