COLLYRIUM, INC., Plaintiff, *v.* JOHN WYETH & BRO., INC.,
Defendant.

Supreme Court, Special Term, New York County, February 12, 1938.

*Myron M. Fineman*, for the plaintiff.

*Rogers, Ramsay & Hoge* [*Clifton Cooper* of counsel], for the defendant.

CHURCH, J.   In this action the plaintiff seeks a declaratory judgment establishing its right to maintain its present corporate title and to use the word " Collyrium " as the designation of the products which it manufactures including eye lotions, eye drops and eye salve.   It also seeks an injunction restraining the defendant from representing by advertisements, letters, circulars and the like that the latter has the exclusive right to market an eye lotion under the trade-name " Collyrium."

The defendant also seeks injunctive relief and asks that the plaintiff be prevented from using the word " Collyrium " in its corporate trade name and as a name in connection with plaintiff's products, particularly in the way plaintiff is now doing.

The defendant, a Delaware corporation, was formed some time prior to 1904 and, in 1931, filed with the Secretary of State of this State the requisite certificate of doing business here.   The plaintiff was incorporated under the laws of the State of New York in 1936. Since its incorporation the defendant has been continuously engaged in the manufacture and sale of an eye lotion which it has marketed under the name " Collyrium."   This name is displayed in conspicuous type on the labels affixed to the bottles containing the lotion and is also the outstanding word on the box in which the product is sold at retail.

The plaintiff on its organization commenced to solicit business for its products consisting of an eye lotion, eye drops, and an eye salve and obtained a registration in the United States Patent Office of the trade-mark " I-Kleer."   On its circulars, labels, and stationery this registered trade-mark is prominently displayed followed by the word " Collyrium " in conspicuous type under which appears the words " *Reg.U.S.Pat.Off.," indicating to the casual observer that the word " Collyrium " is a registered trade-mark, although the asterisk refers to " I-Kleer."

The plaintiff contends that the word " Collyrium " is a generic term, and *publici juris*, that is, open to the public; that the defendant could not and did not acquire a monopoly in the word by virtue of its use on one of its products, even though such use continued uninterruptedly for over thirty years.   It is the claim of plaintiff that the word is descriptive merely of the products, namely, an

eye lotion, eye drops or eye salve used for the treatment of the eye; that the word is so defined in some of the standard English dictionaries. The right which plaintiff seeks to have determined by this action is its right to employ the word " Collyrium " as the designation of its products claiming that the use of the word in this way is equivalent to designating the kind, characteristics, or purpose of the products themselves, and that, therefore, defendant cannot use the designation to the exclusion of every one else.

It may be admitted that the word " Collyrium " is defined in some of the standard English dictionaries as meaning an eye lotion or salve for the treatment of the eye. Its significance is important principally in the medical or pharmaceutical profession, and the existence of the word or its meaning would doubtless be unknown to those outside such professions. Rare instances may, of course be discovered where the word has been used apart from a technical or scientific context and outside of medical books.

The circumstances that " Collyrium " accurately describes products of the plaintiff or some of them does not warrant it so to use the word as to pass off its products as those of the defendant. (*Mainzer, Inc.*, v. *Gruberth*, 237 App. Div. 89; *Bengue* v. *American Pharmaceutical Co., Inc.*, 155 Misc. 602; affd., 250 App. Div. 709.) Words and phrases in common use, and which indicate the character, kind, quality, and composition of the product, may not be appropriated for exclusive use. Known words and phrases indicative of quality and composition are the common property of all. (*Caswell* v. *Davis*, 58 N. Y. 223.) When one adopts usual words or phrases apt to describe the ingredients, composition, or quality of his products, he is guilty of no wrongful infringement. The plaintiff argues that the word " Collyrium " accurately and truthfully describes its product; that it is in fact the only proper name by which the product can be described. It claims that for hundreds of years the word has been in common use by physicians, pharmacists, writers, and authors; that the word " Collyrium " has but one meaning, viz., eye lotion or eye salve, for the treatment of the eye; and that this word may not be appropriated by the defendant for its exclusive use.

Our courts have frequently sanctioned the exclusive appropriation of descriptive or generic words which by usage have become associated with a particular product of a particular manufacturer. (See cases cited in *Bengue* v. *American Pharmaceutical Co., supra.*)

The word " Collyrium " can scarcely be included in even the broadest category of common or usual words. It may be if analyzed by a person familiar with its etymological origins from the Greek through the Latin, somewhat descriptive, but it certainly cannot

be classified as a word in general use or comprehended within the boundaries of the usual vocabulary, if in fact it ever now be discovered outside of a scientific medical or technical setting. It is not a word of common English speech. It may with absolute propriety be catalogued with words capable of acquiring by long usage a secondary meaning when used in connection with a given product. (*Norwich Pharmacal Co.* v. *American Pharmaceutical Co., Inc.*, 159 Misc. 818; *Mainzer, Inc.*, v. *Gruberth, supra.*)

Coupled with the identity of names we have here a similarity in the size, shape, and color of the bottle employed by the plaintiff with that utilized by the defendant as well as in the color scheme used in the respective labels. This similarity of name, bottle and label as well as the apparent similarity of some of the ingredients in the lotion itself makes it easy for dealers, themselves aware of the difference in the products, to palm off upon unsuspecting customers the product of the plaintiff for that of the defendant. (See opinion of Mr. Presiding Justice MARTIN dissenting in *Smith Co.* v. *American Pharmaceutical Co.*, 244 App. Div. 702; revd., 270 N. Y. 184.) As was there pointed out, it is the possibility of an opportunity for substitution rather than the fact itself that is important. (See, also, *Thum Co.* v. *Dickinson*, 245 Fed. 609, 621.)

Plaintiff had at its disposal in selecting a bottle and label an almost boundless field. The deliberate adoption of a difference in an eye cup detached from the stopper of the bottle is not sufficient to disprove an obvious intent by the plaintiff of predatory simulation of the product of the defendant. It is impossible to ascribe good faith to a competitor who restricts his choice so as to virtually duplicate the established insignia of a rival.

The plaintiff has clearly overstepped the limits within which the law says competition may flourish in order that trade and healthy industry may thrive and prosper.

Proposed findings of fact and conclusions of law have been passed upon as indicated in the margin of the respective proposals. Submit on notice decision containing without change of language all findings and conclusions which have been found, together with final judgment.