In the Matter of INDUSTRIAL LITHOGRAPHIC Co., INC., Petitioner, against MURRAY E. MILLER, Doing Business as INDUSTRIAL OFFSET Co., Respondent.

Supreme Court, Special Term, New York County, October 14, 1952.

*Wasserman, Behr & Shagan* for petitioner.

*Charles Miller* for respondent.

EDER, J. Motion for injunction is denied and petition dismissed.

This is a summary special proceeding instituted pursuant to the provisions of section 964 of the Penal Law.

The respondent transacts business under the trade name of "Industrial Offset Co.", and it is petitioner's claim that the names are so substantially similar as to cause actual or probable confusion and deceit and damage to petitioner, that the public and people in the trade may be misled as to the identity of the respondent and that of the petitioner, and an injunction is sought to enjoin and restrain the respondent from using the name "Industrial Offset Co." or the abbreviation "Industrial" or any similar name.

In 1946, a corporation called "Industrial Offset Co. Inc." was duly organized under the laws of this State; respondent had no connection therewith other than as a salesman; this concern functioned until April, 1951, when the president and principal stockholder died, his estate liquidated the business and the corporation became inactive; thereupon the respondent, with

the consent of the widow of said decedent, commenced business on his own account under the trade name of " Industrial Offset Co.", and filed a certificate to that effect with the County Clerk.

Petitioner, a substantial concern, was incorporated in 1921, under the name of " Industrial Lithographic Co. Inc." which name it has ever since used in connection with its business of printing by the lithographic or offset process or otherwise.

Offset work, it is claimed by respondent, tends to be cheaper than lithographic work, and this, it is asserted, is well known in the printing field. On the other hand, petitioner claims the terms " lithographic " and " offset " are synonymous in the printing business. Be that as it may, the distinction or non-distinction appears to be of no moment if, basically and factually, the petitioner's claim of confusion and deception and resulting damage are shown to be groundless. If found to be baseless it manifestly ends the controversy. In the opinion of the court there is no merit to the petitioner's claim.

Petitioner asserts the term or word " Industrial " is known in the printing business to mean or refer to the petitioner. Apparently this is set forth as a basis for a claim that the word or name " Industrial " has acquired a secondary meaning. In support of this there is submitted merely a single affidavit of an individual who states he has been engaged in the graphic arts trade for many years and also in the sale of second-hand printing and lithographic machinery and that when the term " Industrial " is used it is understood as referring to petitioner.

It is alleged petitioner is one of the outstanding concerns in this field, large and well known, doing a very large volume of business, yet only a single affidavit in support of this claim is submitted, rather strange and significant for so broad an assertion.

The respondent operates a one-man business; he does not do any lithography himself; he merely acts as a salesman obtaining orders for offset work by direct solicitation through personal contact and in no other way; he avers he barely ekes out an existence. This should dispose of any claim that substantial harm must inevitably result to petitioner if respondent is permitted to continue the use of his trade name of Industrial Offset Co.

Although the petitioner has continuously operated under its corporate name since 1921, it has never known or even heard of " Industrial Offset Co. Inc." in the five or six years that the latter operated in this city. " This fact was discovered by

petitioner at about the time this proceeding was instituted '' (motion papers served September 16, 1952).

It is thus quite apparent that petitioner's claim that there is the likelihood of confusion by respondent's use of the name '' Industrial Offset Co.'' is grossly exaggerated and unwarrantably emphasized and is without basis in fact. The best petitioner can submit to show confusion is to refer to but a *single* instance.

It is said by way of showing alleged confusion that phone calls have been made to petitioner when intended for respondent, the caller having seemingly failed to distinguish between '' lithographic '' and '' offset '' in the names. This furnishes no reason to penalize respondent. When so drastic a remedy is sought to be invoked, very much more than this must be shown to warrant and justify its issuance.

'' Industrial '' and '' Offset '' are words of the English language and no one has a monopoly thereon. In *Klein* v. *Lawson* (58 N. Y. S. 2d 152, affd. 269 App. Div. 935) the court, in denying a motion for an injunction, said (p. 152–153): '' Motion denied. The plaintiffs have no proprietary interest in words of the English language or any monopoly thereon; equity intervenes when they have acquired a secondary meaning or where they are employed to practice fraud and deception.''

The court is not satisfied from the moving papers that petitioner has made the requisite proof in that regard. The single affidavit submitted can hardly be considered as establishing that petitioner's '' Industrial '' in the use thereof in its name has acquired a secondary meaning (see, also, *Leader Enterprises* v. *Television Fashion Fair,* 80 N. Y. S. 2d 186).

In *Levine* v. *Billy Sportswear* (49 N. Y. S. 2d 62) the court declined to grant an injunction where only a single instance of confusion could be shown. The court also pointed out that any actual or probable damage or loss to the plaintiff was (as here) inconsequential.

The instant case rests, plainly, on an imaginary premise in that regard, and on an arbitrary assumption.

As the cases cited (*supra*) disclose, a very strong case must be made out to warrant granting the drastic remedy of an injunction and especially is this so in a case like the one at bar, where there is no formal trial and no opportunity afforded to the respondent for cross-examination and to fully explore the facts and where the case is decided wholly on papers, is summary in character, akin to a motion for summary judgment.

Were this a motion in a formal action instead of a summary special proceeding, this court would, nonetheless, under the established law, deny the motion predicated on the submitted record.

It may be remarked, in conclusion, that it is no ground for injunctive relief that some confusion has resulted from the carelessness or indifference of people to note that the trade names of petitioner and respondent are not alike. People are expected to be careful and attentive and not indifferent. This carelessness or indifference on their part cannot be visited on respondent. In *Klein* v. *Lawson* (*supra,* p. 153) the court in that connection said: " The fact that some of plaintiffs' patrons have unthinkingly or mistakenly entered defendants' establishment furnishes no ground for equitable interference " (citing *Munro* v. *Tousey,* 129 N. Y. 38.)

In *Munro* v. *Tousey* (*supra*) the court said (p. 43): " A court of equity should proceed in the exercise of its power with a wise and judicial discretion. In such cases as this it should presume that the public makes use of the senses of sight and hearing, and that it is possessed of a sufficient amount of intelligence to note the difference the senses convey. The court ought not to interfere with the freedom of conduct of trade and with general business competition. Its power to restrain should be reserved to prevent fraud and imposture from some real resemblance in the name and appearance of the publications."

In final analysis petitioner has not shown that the value of its reputation will be materially decreased by the possibility of confusion. Certainly the respondent is not shown to be in a position to gain any advantage; reasonable probability of loss of business by petitioner, which constitutes the ground for the intervention of a court of equity, is clearly wanting (see *Eastern Constr. Co.* v. *Eastern Eng. Corp.,* 246 N. Y. 459).

After due consideration and reflection the court is of the ultimate conclusion that there is no merit to the instant proceeding and no basis for granting the injunction sought. Settle order.