Edgar J. Nathan, Jr., J.
The petitioners apply for an order pursuant to section 964 of the Penal Law enjoining the respondent Jubilee Juniors, Inc., from using the word “ Jubilee ” as part of its corporate name, the use of which may deceive or mislead the public, and for other related relief in connection therewith. The petitioners for almost 17 years have used and owned the registration of the “ Jubilee ” trade-mark and for almost nine years have operated, a wholly owned subsidiary under the name of Jubilee Fashions, Inc. and Jubilee Girls Sportswear, Inc. During the many years the petitioners have *326 advertised their line under the “Jubilee” mark and their annual business is approximately $3,000,000. The respondent was organized and established in the Summer of 1956 and uses the name “ Jubilee ” on junior coats. Section 964 of the Penal Law so far as pertinent provides: “No * * * corporation shall, with intent to deceive or mislead the public, assume, adopt or use * * * a corporate * * * name, for advertising-purposes, or for purposes of trade, or for any other purpose, any name * * * or a part of any name * * * which may deceive or mislead the public as to the identity of such * * * corporation or as to the connection of such * * * corporation, with any other * * * corporation”.
Because the source from which the summary remedy derives is a statute primarily penal in nature, and because of the fact that a determination under the civil remedy therein permitted is to be made on the submitted papers alone without formal trial and without ‘ ‘ opportunity afforded to the respondent for cross-examination and to fully explore the facts ” (Matter of Industrial Lithographic Co. v. Miller, 203 Misc. 299, 302), the courts have held that petitioners must establish their claim by proof that it is “ conclusive ” as to the respondent’s intent to deceive. (Association of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495; Matter of Overseas News Agency v. Overseas Press, 138 Misc. 40, affd. 268 App. Div. 856.) The selection by the respondent of a name so closely similar to the name of the petitioners when hundreds of dissimilar names might be selected, carries with-it the implication, that the intention is to deceive the public by falsely indicating an apparent use of petitioners’ products. The respondent has failed to offer any acceptable explanation justifying its act in adopting the name used which confirms the fact that it intended to take advantage of the large amount of money which the petitioners have expended in advertising their product and that the respondent also seeks to take advantage of the prestige enjoyed by the petitioners over the many years.
Throughout the decisions on this subject, one often finds the expression “ No honest reason can be suggested for appropriating the name of an old and long-established company.” The courts have long established the principle that common words frequently used as names have been enjoined as improper when applied to similar businesses (Columbia Broadcasting System v. Columbia of New York, 97 N. Y. S. 2d 455; Metropolitan Opera Assn. v. Pilot Radio Corp., 189 Misc. 505; United Dressed Beef Co. v. United Butchers, 147 Misc. 92). The fields of activity of the petitioners and the respondent are so closely *327 related that it is quite apparent that the respondent is seeking to take unfair advantage of petitioners’ reputation, and an injunction is fully justified.
The petitioners have sustained the burden of proof required to entitle them to the summary remedy given by section 964 of the Penal Law. The motion is granted.
Settle order.