Samuel H. Hofstadter, J.
The plaintiff and its subsidiary corporations have for many years been engaged in the business of manufacturing and marketing textile fabrics of various kinds on an extension scale. In 1933 it adopted the name ‘ ‘ Ameritex ’ ’ as its trade-mark and it and its divisions and subsidiaries have used this name uninterruptedly ever since to identify their textile products. The trade-mark “Ameritex” was registered in the United States Patent Office on December 24, 1935 and there have been other registrations of this trade-mark by the plaintiff and its affiliate Cohn-Hall-Marx Co. in the intervening period. That the name “ Ameritex ” identifies the products of the plaintiff and is generally understood in the trade so to do is not open to serious question.
*87 In October, 1960 the defendant corporation was organized as Amtex Fabrics, Inc. Its executive officers have all been connected with the textile industry for a long time; indeed, one of them was formerly in the plaintiff’s employ. In the circumstances, the inference is irresistible that when they adopted their corporate name “ Amtex ”, whatever their purpose, they knew of the widespread use and established reputation of “ Ameritex ” as a vehicle for marketing the plaintiff’s product. The defendant, too, is engaged in the textile business. There is no valid reason for the defendant’s appropriation of a name so closely resembling the plaintiff’s long-established name for their new venture in a related, if not the same, field. (See Matter of Scher of Feldman v. Jubilee Juniors, 20 Misc 2d 325.)
The policy of the law in this area is ever expanding in favor of the protection of an established name or trade-mark against unfair incursion by the newcomer. This policy is well expressed in our General Business Law which declares that even in the absence of competition or confusion likelihood of injury to business reputation or of dilution of the distinctive quality of a trade name or mark furnishes ground for injunctive relief in eases of trade-mark infringement or unfair competition. (General Business Law, § 368-c, subd. 3.) Hence, the defendant’s contention that, because both parties cater exclusively to the trade, composed of experienced experts, no confusion can arise, even if correct, in its assumptions, is neither determinative nor persuasive.
Weighing the equities in the light of all the circumstances, the defendant should be enjoined now. The defendant should be stopped at the threshold of its enterprise, when suppression of the use of its name can harm it least and before it has been able to capitalize on it to the continued injury of the plaintiff. (Matter of Julius Restaurant v. Lombardi, 282 N. Y. 126, 129-130.)
No merit is found in the argument that the registration of the plaintiff’s trade-marks in the Patent Office deprives this court of jurisdiction. The plaintiff may have an injunction as prayed for in the order to show cause on furnishing an undertaking in the sum of $15,000. The issues should, however, be resolved by prompt trial. To that end the action is set for trial near the head of the General Equity Calendar of February 10, 1961, for which date the Clerk is directed to accept a note of issue on payment of his proper fees. Statement of readiness is dispensed with.