380 F.2d 128
 GOLD MASTER CORP., Plaintiff-Appellee,
v.
Charles W. MILLER, Charles Kenneth Miller, also known as Kenneth Miller, and Robert Miller, individually and doing business as partners under the firm name of Millers International, Defendants-Appellants.
 No. 520.
 Docket 31366.
 United States Court of Appeals Second Circuit.
 Argued June 26, 1967.
 Decided July 13, 1967.
 
 Irving Frank, Frank & Frank, New York City, on the brief, for plaintiff-appellee.
 Charles L. Sylvester, New York City (Thomas J. Malmud, Sylvester, Harris & Burstein, New York City, on the brief), for defendants-appellants.
 Before LUMBARD, Chief Judge, and MOORE, Circuit Judge, and LEVET, District Judge.*
 LUMBARD, Chief Judge:
 
 
 1
 Defendant Charles Kenneth Miller appeals from a preliminary injunction granted after a hearing by Judge McLean in the Southern District of New York enjoining him individually and as a partner of Millers International, a jewelry manufacturing and wholesaling partnership of Oregon residents with its principal place of business in Portland, Oregon, from advertising, offering to sell, or selling rings in New York state under the names "Gold Master," "Gold Master Originals," or "GM Orig." As we hold that Judge McLean did not abuse his discretion in concluding that plaintiff Gold Master Corp., a New York corporation manufacturing gold rings, will probably establish its right to an injunction of at least this scope at trial, and that the irreparable injury plaintiff would suffer if the preliminary injunction were withheld outweighed any harm the injunction will cause defendant, we affirm the order granting the preliminary injunction. See, e. g., Unicon Management Corp. v. Koppers Co., Inc., 366 F.2d 199 (2 Cir. 1966); W. E. Bassett Co. v. Revlon, Inc., 354 F.2d 868 (2 Cir. 1966).
 
 
 2
 Plaintiff, Judge McLean found, was incorporated in January 1964, changed its name to Gold Master Corp. in February 1964 after a trademark search which indicated no prior use of the name, registered the trademarks "Gold Master," "GMC," and "GMC" in a stylized design in New York in June and July 1964, obtained United States registration of the marks "GMC" and "GMC" in design in March 1965, and applied for United States registration of "Gold Master" in October 1965. Beginning in 1964, plaintiff stamped its rings "GMC" or "Gold Master," advertised nationally in trade journals and by mail, and listed its name in the trade directory. Plaintiff also set up a booth at the retail jewelers' convention in New York in August 1964, and distributed fifteen thousand brass-plated keys imprinted "Gold Master," which could be filed to fit automobile ignitions.
 
 
 3
 Judge McLean found, on the basis of invoices produced by appellant, that Millers International began to sell gold rings with a dark "antique" finish under the name "Gold Master Originals" on the Pacific coast in 1960, and sold them in small quantities to customers as far east as Michigan and Ohio in 1965 and 1966. There is no partnership or other entity called "Gold Master Originals," the name is not listed in the trade directory, and Millers International sought United States registration of the mark "Gold Master Originals" only after this action was brought.
 
 
 4
 Plaintiff learned of Millers International's use of the name "Gold Master Originals" in September 1965, and by letter from its attorney in December 1965 it demanded that it cease. Appellant, representing "Gold Master Originals," attended the retail jewelers' convention in New York for the first time in August 1966, having sent to jewelers a key bearing a tag reading, "All keyed up for profits and prizes? Meet Miss Gold Master in New York or Dallas." The summons in this diversity action, seeking damages and an injunction, was served upon appellant at the convention. Numerous jewelers at the convention brought to the plaintiff the keys sent out by Millers International, and packages intended for appellant were delivered to plaintiff's booth. On three other occasions, purchasers of "Gold Master Originals" rings have sent them to plaintiff for repair.
 
 
 5
 The first basis for Judge McLean's order granting the preliminary injunction was plaintiff's registration of the mark "Gold Master" in New York. We affirm the order upon this ground. Appellant argues first that this registration is subject to cancellation if no goods bearing the mark were "sold or otherwise distributed" by plaintiff in New York before the mark was registered, see N. Y. General Business Law, McKinney's Consol.Laws, c. 20, §§ 360 (e), 362(c), 367(4) (c), and that there is no affirmative evidence of such sale or distribution in the record. But the issue of cancellation should be raised by counterclaim, see Herbert Prods., Inc. v. Oxy-Dry Sprayer Corp., 1 Misc.2d 71, 145 N.Y.S.2d 168 (Sup.Ct.1955), and was not raised below. More important, the record shows that plaintiff's place of business is in New York, so that the chance that it did not sell any rings there is so negligible that we need not consider it.
 
 
 6
 Appellant's second argument is that the New York trademark statute expressly saves Millers International's common law rights, N. Y. General Business Law § 368-e, among which is the right reasonably to expand the area of its prior use of the name "Gold Master Originals." See generally, e. g., 3 Callman, Unfair Competition and Trade-Marks § 76.3(b) (2) (2 ed. 1950); Developments in the Law — Trade-Marks and Unfair Competition, 68 Harv.L.Rev. 814, 857-59 (1955). But this right must yield to the plaintiff's in areas where plaintiff first used the name "Gold Master" in ignorance of its prior use by Millers International in a distant area. E. g., Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 415-418, 36 S.Ct. 357, 60 L.Ed. 713 (1916); Cohn-Goldwater Mfg. Co. v. Wilk Shirt Corp., 147 F.2d 767 (2 Cir. 1945). Plaintiff's adoption of the name "Gold Master" was, on this record, clearly innocent, and from the record before us it seems more than likely that it will be able to establish prior use in New York.
 
 
 7
 Finally, appellant suggests that there was no evidence that anyone purchased rings from Millers International believing he was purchasing from plaintiff. However, there was evidence of confusion on the part of jewelers attending the 1966 convention and purchasers seeking to have their rings repaired. Moreover, where confusion is as likely as it is between the marks "Gold Master" and "Gold Master Originals," evidence of actual mistaken purchases is not a prerequisite to relief. E. g., Collyrium, Inc. v. John Wyeth & Bro., Inc., 167 Misc. 231, 3 N.Y.S.2d 42 (Sup.Ct.1938); cf., e. g., American Chicle Co. v. Topps Chewing Gum, Inc., 208 F.2d 560 (2 Cir. 1953); G. H. Mumm Champagne v. Eastern Wine Corp., 142 F.2d 499 (2 Cir.), cert. denied, 323 U.S. 715, 65 S.Ct. 41, 89 L.Ed. 575 (1944). We therefore uphold Judge McLean's conclusion that plaintiff has established a probable infringement of the mark "Gold Master."[1]
 
 
 8
 As we affirm the preliminary injunction on the basis of plaintiff's New York registration of its marks, we do not reach the alternate ground upon which Judge McLean granted the injunction, the inference that the keys publicizing "Miss Gold Master" sent out by Millers International before the 1966 convention indicated a deliberate attempt to capitalize on plaintiff's good will, or the alternate grounds which plaintiff urges, based on the Lanham Act's proscription of "a false designation of origin" on goods entering commerce, 60 Stat. 441 (1946), 15 U.S.C. § 1125, and the Gold Stamping Act, 34 Stat. 260 (1906), as amended, 15 U.S.C. §§ 294-300. Plaintiff also contends that the limitation of the injunction to appellant, based upon the district court's doubt that service upon appellant conferred jurisdiction over the Oregon partnership, was error; but, as plaintiff took no cross-appeal, we cannot consider this point.
 
 
 9
 We add that the trial of this action on the merits should be expedited upon application of either party.
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 *
 For the Southern District of New York, sitting by designation
 
 
 [1]
 As we uphold Judge McLean's finding of a likelihood of confusion between plaintiff's mark and appellant's, we need not consider the extent to which N.Y. General Business Law, § 368-d, which provides that "[l]ikelihood * * * of dilution of the distinctive quality of a mark * * * shall be a ground for injunctive relief in cases of infringement of a mark * * * notwithstanding * * * the absence of confusion as to the source of goods," would justify an injunction absent a showing of confusion. Compare, e. g., United Merchants & Mfrs., Inc. v. Amtex Fabrics, Inc., 29 Misc.2d 86, 212 N.Y.S.2d 498 (Sup.Ct. 1961), with, e. g., Cue Publishing Co., Inc. v. Colgate-Palmolive Co., 45 Misc. 2d 161, 167-168, 256 N.Y.S.2d 239, 245-246 (Sup.Ct.), aff'd per curiam, 23 A.D. 2d 829, 259 N.Y.S.2d 377 (1 Dep't 1965)