56 CCPA

**STEER INN SYSTEMS, INC., Appellant,**

v.

**LAUGHNER'S DRIVE-IN, INC.,**
Appellee.

**Patent Appeal No. 8086.**

United States Court of Customs and Patent Appeals.

Feb. 13, 1969.

Arthur H. Seidel, Philadelphia, Pa., John Justin McCarthy, Norristown, Pa., Edward C. Gonda, Seidel & Gonda, Philadelphia, Pa., for appellant.

Harold R. Woodard, C. David Emhardt, Woodard, Weikart, Emhardt & Naughton, Indianapolis, Ind., for appellee.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN, KIRKPATRICK,* JJ.

BALDWIN, Judge.

This is an appeal from the Trademark Trial and Appeal Board decision [1] sustaining an opposition by Laughner's Drive-In, Inc. to Steer Inn Systems,

---

\* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Reported at 151 USPQ 650.

Inc.'s application [2] to register the service mark STEER INN for "Restaurant Services."

The record shows that opposer has been incorporated under the laws of Indiana since December 21, 1958, and that, under the name LAUGHNER'S STEER–IN, it operates a drive-in restaurant in Indianapolis, Indiana, specializing in hamburgers, cheeseburgers, steaks, and the like. The designation STEER–IN was first used on the construction site of LAUGHNER'S STEER–IN drive-in restaurant in February, 1959. The restaurant was opened for business on June 29, 1960, under the name LAUGHNER'S STEER–IN and has continued to operate under that name. Opposer has used the mark STEERBURGER on one of its products since June 29, 1960, and TWIN STEER on another since July 6, 1960.[3] Opposer's restaurant has been advertised in newspapers and on radio and television.

The applicant owns and operates sixteen STEER INN drive-in restaurants in New York, New Jersey, Pennsylvania, and Delaware. There is testimony that it decided, in January, 1960, to engage in the drive-in restaurant business under the name STEER INN. The designation STEER INN was displayed on applicant's business office from January, 1960, to September, 1960, when the applicant was incorporated under the laws of Pennsylvania.

We agree with appellee's synopsis of the board's findings that:

(a) "Opposer's record supports its use of the designation 'STEER–IN' in connection with the rendering of drive-in restaurant services in Indianapolis, Indiana since as early as June 29, 1960. While applicant was incorporated in September 1960, the record is silent as to when applicant first

rendered its drive-in services under the mark 'Steer Inn.' "

(b) "In either event, we find on the record that opposer is the prior user * * *"

(c) " 'Steer-In' and 'Steer Inn' are substantially identical designations."

(d) "Opposer has used the name 'Laughner's' in association with the designation 'Steer-In' on its menus, signs, and the like; but it is also apparent from the record as indicated above, that 'Steer-In' has on occasion been used separate and apart from 'Laughner's' to identify opposer's restaurant and the food served therein."

■ The record is clear that the opposer first engaged in the drive-in restaurant business as early as June 29, 1960, under the name STEER–IN and that the applicant first engaged in *that* business some time after opposer. Also, the opposer has testimony to the effect that it first displayed a sign showing the mark STEER–IN on its construction site in February, 1959. The applicant has claimed first use of the mark STEER INN from January to September, 1960; but *that* use was on a business office door sign, letterheads, architectural drawings, etc.. all prior to applicant's opening its first drive-in restaurant under the mark. Under these facts, we think that the opposer was the prior user for purposes of service mark registration.

The opposer urges that confusion as to source is likely because of the similarity in sound and appearance of the marks STEER–IN and STEER INN and because both marks are used in connection with drive-in restaurant services. The applicant argues that there is no likelihood of confusion because the design of its restaurants is distinct and distinguishable from opposer's and because the

2. Serial No. 133,422, filed December 5, 1961.

3. From the record, it appears that opposer's only use has been in *intra*state commerce, not *inter*state. Opposer is the present owner of the following Indiana registrations: No. 5005–525 for STEER-IN, August 25, 1960; No. 5006–042 for TWIN STEER, February 26, 1963; No. 5005–526 for STEERBURGER, August 25, 1960; and No. 5005–524 for a composite mark consisting of a steer holding a plaque and the words LAUGHNER'S STEER-IN, August 25, 1960. No arguments concerning the intrastate-interstate dichotomy have been presented here; thus, we will not discuss the matter.

business operations are basically different as to menu, price, service, and accommodations. Applicant also argues that opposer's restaurant is promoted as *LAUGHNER'S* STEER–IN, rather than STEER–IN per se.

■ However, all that opposer needs to establish is *likelihood* of confusion, to be determined after considering the marks and the services of the respective parties. Fred W. Amend Co. v. American Character Doll Co., 223 F.2d 277, 42 CCPA 983, 187 (1955).

■ Both parties are operating drive-in restaurants wherein hamburgers, cheeseburgers, beverages, and the like are featured. The use of the same or similar marks in connection with these services could well lead persons to mistakenly assume that there is some connection between the two operations. "STEER–IN" and "STEER INN" are substantially identical designations. Opposer has used the name "LAUGHNER'S" in association with the designation "STEER–IN" on its menus, signs, and the like; but it is also apparent from the record, as indicated above, that "STEER–IN" has on occasion been used separate and apart from "LAUGHNER'S" to identify opposer's restaurant and the food served therein.

The board's decision is affirmed.

Affirmed.

KIRKPATRICK, J., took no part in the decision of this case.