ALLEN HOMES, INC., Appellant
and Cross-Appellee,

v.

Jack H. WEERSING and Elk River
Homes, Inc., Appellees and
Cross-Appellants.

Nos. 74–1325, 74–1353.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1974.

Decided Feb. 7, 1975.
Certiorari Denied June 2, 1975.

See 95 S.Ct. 2395.

Anthony Zummer, Chicago, Ill., for appellant.

William S. Dorman, Tulsa, Okl., for appellees.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

These cases involve a three count complaint by plaintiff, Allen Homes, for federal trademark infringement, 15 U.S.C. §§ 1051–1127; federal unfair competition, 15 U.S.C. § 1125(a); and common law trademark infringement. Defendants, Jack H. Weersing and Elk River Homes (Elk River), counterclaimed for false and fraudulent trademark registra-

tion. The trial court [1] held that Elk River had not infringed upon Allen Homes' trademark but that Elk River had not carried its burden on the counterclaim. We affirm.

The case was presented to the court largely on stipulated and undisputed facts. We will recount sufficient facts to dispose of the issues.

Appellant, Allen Homes, began using the trademark FOUR SEASONS on its mobile homes on May 16, 1969. It manufactured the homes in its Olympia, Washington plant and sold them in the states of Washington, Oregon, Alaska, Idaho and Montana (northwestern states). An Allen Homes plant was placed under construction in Junction City, Kansas on June 5, 1969. The record shows that Allen Homes had previously, on May 1, 1969, announced its intention to market FOUR SEASONS mobile homes in Kansas, Nebraska, Iowa, Missouri, Colorado and Arkansas (midwestern states). The announcement appeared in the local Junction City, Kansas newspaper.

The stipulations reveal that Elk River, which sold its first FOUR SEASONS mobile home in Missouri on February 18, 1970, was the first user of the FOUR SEASONS mark in the midwestern states.

On June 2, 1970 Allen Homes sent to' Elk River a letter informing Elk River of Allen's prior use of the FOUR SEASONS mark in the northwestern states. The trial court found that this letter was the first notice which Elk River received of any prior use of the FOUR SEASONS mark.[2]

In July of 1970 Allen Homes applied to the United States Patent Office for registration of the FOUR SEASONS mark. Registration became final in De-

cember of 1971. Allen Homes notified Elk River of the registration on January 10, 1972.

Elk River continued to use the FOUR SEASONS mark until February 15, 1972 when it discontinued using the mark and mailed its stock of FOUR SEASONS decals to Allen Homes' counsel.[3] This lawsuit seeking injunctive relief as well as punitive and exemplary damages was filed on April 3, 1972.

### I. Allen Homes' Infringement Claims.

The main thrust of Allen Homes' argument is that they were the first users of the FOUR SEASONS mark on mobile homes and that they were therefore entitled to continue to expand their market in FOUR SEASONS mobile homes unhampered by later market entries of others using the same name. They cite the Trade-Mark Cases, 100 U.S. 82, 25 L.Ed. 550 (1879).

The trial court relied on the Supreme Court cases of United Drug Co. v. Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141 (1918), and Hanover Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713 (1916). The particular language we find relevant comes from Hanover where the Court stated:

> In the ordinary case of parties competing under the same mark in the same market, it is correct to say that prior appropriation settles the question. But where two parties independently are employing the same mark upon goods of the same class, but in separate markets wholly remote the one from the other, the question of prior appropriation is legally insignificant, unless at least it appear that the second adopter has selected the mark with some design inimical to the inter-. ests of the first user, such as to take the benefit of the reputation of his

---

1. The United States District Court for the Western District of Missouri, Honorable John W. Oliver presiding.

2. The record indicates that Elk River informally learned of Allen Homes' prior use "a few days" before receipt of the letter.

3. The trial court mentioned this situation and was disposed to comment: "We have sometimes wondered during the processing of this case why plaintiff felt it necessary to seek further relief."

goods, to forestall the extension of his trade, or the like.

*Hanover, supra*, 240 U.S. at 415; *see also* Gold Master Corp. v. Miller, 380 F.2d 128, 130 (2d Cir. 1967).

■ Premised upon *Hanover* and *Rectanus* the trial court properly decided that Elk River, having entered the midwestern states to market its mobile homes without prior knowledge of Allen Homes' use of the trademark on mobile homes in the northwestern states, was not liable to Allen Homes for trademark infringement. The trial court's factual findings are supported by the record, and no error of law appears.

Allen Homes urges that the following factors are sufficient to support its claim: (1) its status as first user, (2) its announced intention to market FOUR SEASONS mobile homes in the midwestern states, (3) its national advertising,[4] and (4) the commencement of erection of its plant at Junction City, Kansas. We disagree.

■ Trademark rights are conferred by *use* of the mark. *Rectanus, supra,* 248 U.S. at 97, 39 S.Ct. 48; *Hanover, supra,* 240 U.S. at 413, 36 S.Ct. 357; Steer Inn Systems, Inc. v. Laughner's Drive-In, Inc., 405 F.2d 1401, 1402 (C.C. P.A.1969); Modular Cinemas of America, Inc. v. Mini Cinemas Corp., 348 F.Supp. 578, 582 (D.N.Y.1972). Sweet Sixteen Co. v. Sweet "16" Shop, 15 F.2d 920 (8th Cir. 1926), is not to the contrary. As the trial court noted, "Unlike this case, the defendants in *Sweet Sixteen* had actual notice of plaintiff's prior adoption and use of the [trademark]."

## II. *Elk River's Counterclaim.*

■ Elk River has counterclaimed for money damages arguing that Allen Homes' trademark registration was fraudulent. *See* Walworth Co. v. Moore Drop Forging Co., 19 F.2d 496 (5th Cir. 1927); Bart Schwartz Int'l Textiles, Ltd. v. F.T.C., 289 F.2d 665, 48 C.C.P.A. 933 (1961).

An Allen Homes corporate officer made a supporting affidavit to the patent office at the time application was made for registration. The affidavit stated that affiant knew of no other person, firm, corporation or association that had the "right to use in commerce said mark on the same goods, either in the identical form or in such near resemblance thereto as might be calculated to deceive." *Compare* Schwinn Bicycle Co. v. Murray Manufacturing Co., 339 F.Supp. 973 (D.Tenn.1971); Nissen Trampoline Co. v. American Trampoline Co., 193 F.Supp. 745 (S.D.Iowa 1961).

Elk River contends that because Allen Homes proceeded to obtain trademark registration for "trailers" (Class 19), knowing full well that a Wisconsin company had registered the FOUR ´ SEASONS mark for "factory manufactured buildings and homes" (Class 12) and knowing further that Elk River was using the FOUR SEASONS mark in Missouri, fraud is clearly shown. The trial court regarded the issue as a close one but concluded that fraudulent registration had not been established.

We have carefully reviewed the record. Allen Homes had established first use in the northwestern states. They claimed a right superior to that of Elk River in the midwestern states. The prior knowledge of registration in a separate classification by the Wisconsin company certainly does not demonstrate a clear intent to defraud.

Under all the circumstances we find no clear and convincing evidence that Allen Homes committed fraud.

Affirmed.

---

4. There is testimony in the record that Allen Homes ran a FOUR SEASONS advertisement in a national trailer dealers magazine.