**RHEINGOLD BREWERIES, INC.,**
Plaintiff,

v.

**ANTILLES BREWERIES, INC.,**
Defendant.

Civ. No. 124–71.

United States District Court,
D. Puerto Rico.

April 30, 1971.

Supplemental Opinion Jan. 19, 1973.

Julio Rodríguez, of Fiddler, Gonzalez & Rodríguez, San Juan, P. R., for plaintiff.

Herman Colberg, San Juan, P. R., for defendant.

## ORDER

CANCIO, Chief Judge.

Upon notice and hearing on plaintiff's motion for a preliminary injunction, and having considered the legal memoranda filed by both parties, this Court finds as follows:

1. That plaintiff did not prove the alleged grave and irreparable injury resulting from defendant's action.

2. That plaintiff did not prove that its drop in sales in January 1971 was attributable to defendant's action.

3. That plaintiff did not prove the alleged deception or confusion caused by

defendant's use of the wide-mouth bottle. This Court is of the opinion, after examining the real evidence introduced, that there is no likelihood of confusion upon consumers drinking "Criolla" beer from a bottle in which the trademark "Chug-a-Mug" is blown, in the sense of believing that they are drinking "Rheingold" beer. The trademark "Chug-a-Mug" does not appear at all prominently on the bottle, and the letters in relief are of precisely the same color as the rest of the bottle. This is more so in the case of Puerto Rican consumers, to whom "Chug-a-Mug" means nothing.

4. That the label bearing the mark "Criolla" in large and legible print, is so clear and prominent, in addition to the cap also bearing the mark "Criolla", that even if the wide-mouth bottle were marked "Rheingold" instead of "Chug-a-Mug", consumers would have no reason or basis to be confused.

5. That no law has been cited by plaintiff that forbids the re-use of bottles, and the inscription "No Refill" does not bar subsequent use by a third person who acquires a proprietary interest in a bottle.

6. That there is ample evidence of local custom and usage for many years prevalent among local breweries of freely using and reusing each other's bottles, interchangeably, and that even soft-drink bottling companies freely use marked beer bottles for their product. This practice has not been engaged in by defendant exclusively, and bottles were introduced in evidence of "Corona" beer bottled in containers marked "India" and vice-versa.

7. That the trademark "Chug-a-Mug" as such has not had a great impact in the Spanish-speaking Puerto Rican market, if any, and the wide-mouth bottles are called by consumers in many other names in Spanish. Plaintiff itself is now alternatively placing emphasis on the Spanish names "boca de jarro" and "boca ancha."

8. That plaintiff has never registered its trademark "Chug-a-Mug" with the Department of State of Puerto Rico in spite of the fact that its trademark "Rheingold" has under the Trademark Act of the Commonwealth of Puerto Rico been registered therein since 1949.

9. That the statement made in the affidavit in support of plaintiff's motion that the issuance of the preliminary injunction will not cause "undue inconvenience or loss" to defendant, has absolutely no basis on the testimony given by plaintiff's own witnesses.

10. That in the balancing of conveniences of the parties and the possible injuries to them, it is clear that the preliminary injunction should not be issued.

It is therefore ordered, adjudged and decreed that the motion for a preliminary injunction in this cause be, and it is hereby, denied.

## SUPPLEMENTAL OPINION

The above action having come on for trial before this Court on August 29, 1972, and the matter having been argued, briefed and submitted, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiff Rheingold Breweries, Inc., hereinafter referred to as "Rheingold", is a corporation organized under the laws of the State of New York, having its principal place of business at Brooklyn, New York.

2. Defendant Antilles Brewing Company, Inc., hereinafter referred to as "A.B.C.", is a corporation organized under the laws of Puerto Rico, with principal office and place of business at Carolina, Puerto Rico.

3. Rheingold is the owner of the trademark "Chug-a-Mug" for glass bottles for beer according to registration number 764,681 at the United States Patent Office.

4. On May 1970, plaintiff began importing and selling in Puerto Rico "Rheingold" beer in a wide-mouth bottle bearing the trademark "CHUG-A-MUG".

5. The trademark RHEINGOLD is registered at the Department of State of the Commonwealth of Puerto Rico, but the trademark CHUG-A-MUG is not registered therein.

6. Plaintiff has advertised the wide-mouth glass bottle bearing its trademark in local newspapers, radio stations, and television stations, both in English and in Spanish.

7. Said wide-mouth bottle was introduced by plaintiff in the Puerto Rican market on or about May 1970.

8. A.B.C. began acquiring empty bottles bearing the trademark CHUG-A-MUG on or about January 1971, which bottles had been originally introduced in the local market by Rheingold, importing them filled with its beer.

9. A.B.C. has from said date refilled said bottles with a beer it produces, and after placing its labels and caps on said bottles, proceeds to sell them in the local market.

10. A.B.C.'s labels and caps bear the trademark CRIOLLA owned by it.

11. The Complaint filed by Rheingold in this case alleges that the use by A.B.C. of the bottles bearing the mark CHUG-A-MUG is likely to cause confusion or to deceive purchasers as to the beer contained therein, resulting in the passing off to consumers of defendant's beer as RHEINGOLD beer.

12. Plaintiff alleged furthermore that A.B.C.'s action constitutes an infringement of the federally registered trademark CHUG-A-MUG and requested an injunction to prevent A.B.C. from using the forementioned bottles and that damages be awarded to plaintiff.

13. A motion for preliminary injunction was also filed by plaintiff, and a hearing was held in connection therewith, where testimony and documentary evidence was introduced by both parties; later, legal memoranda were filed.

14. On April 30, 1971 this Court entered an Order denying the motion for preliminary injunction and making several findings of fact and conclusions of law.

15. After the trial hearing on August 29, 1972 this Court requested from both parties memoranda as to why the Court should or should not modify or reverse its position as shown in said Order of April 30, 1971.

16. These memoranda were filed and, after studying them and considering the evidence introduced at the trial, this Court is of the opinion that no new evidence was introduced that changes substantially the factual picture existing at the time of the hearing on the motion for preliminary injunction.

17. The evidence presented by plaintiff consisted of more advertising of RHEINGOLD beer in CHUG-A-MUG containers placed in radio, television and newspapers.

19. Some of these exhibits confirm what this Court has already ruled: that the trademark CHUG-A-MUG as such has not had a great impact in Puerto Rico, and that plaintiff was at the time placing emphasis on the name BOCA DE JARRO.

19. One of plaintiff's advertisements states: ¡Lo que está adentro es lo que cuenta!" or "It's what's inside that counts!" This statement implies that RHEINGOLD beer is the important trademark and not CHUG-A-MUG.

20. A.B.C.'s general manager testified during the trial hearing that another wide-mouth bottle has appeared recently in the Puerto Rican market: PIEL'S BOCONA.

21. A.B.C. has not used the wide-mouth bottles exclusively for beer, but also for soft drinks and malt liquor (malta).

22. A.B.C. has never used the words CHUG-A-MUG in any of its advertising.

23. This Court ratifies and reiterates each and every one of the findings of fact contained in its Order of April 30, 1971.

**880**

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter in controversy. The claim arises under the Trade-Mark Act of 1946 (Lanham Act, 15 U.S.C.A. § 1051 et seq.). Jurisdiction is conferred upon this Court by 15 U.S.C.A. § 1121.

2. This Court ratifies and reiterates each and every one of the conclusions of law contained in its Order of April 30, 1971.

■ 3. Defendant A.B.C. has not infringed plaintiff's trademark rights on Registration No. 764,681 by the re-use of the wide-mouth bottle hearing the mark CHUG-A-MUG.

4. Plaintiff's trademark registration under the Lanham Trade-Mark Act, 15 U.S.C.A. § 1 et seq., gives and constitutes a superior right to the use of the trademark CHUG-A-MUG in interstate commerce. Equally superior and exclusive rights were available to it in strictly intrastate commerce within the Commonwealth of Puerto Rico by the additional registration under the Trademark Act, 10 L.P.R.A. § 191 et seq. But plaintiff has never registered said trademark for use in local commerce in Puerto Rico, which, significantly, it did with its other trademark, RHEINGOLD.

■ 5. Registration of a trademark in the United States Patent Office does not per se extend the rights and protection it affords a registrant, to strictly local trade within the Commonwealth of Puerto Rico, where local legislation provides its own and valid system of registration of trademarks to afford such rights and protection in trade within the territorial limits of said Commonwealth.

6. An Order dismissing the complaint will be entered in accordance herewith, leaving the matter as to the award of attorneys fees for determination after a hearing is held in this connection, if any party so moves within 15 days.