RITA COLÓN VEGA, ETC., demandantes y recurrentes, *v.* CARLOS MARTÍNEZ, INC. ET AL., demandados y recurridos.

*Número:* R-81-264 *Resuelto:* 21 de mayo de 1982

David Efron, abogado de la recurrente; *Federico Calaf Legrand,* de *Reichard & Colberg,* abogado de los recurridos Nevitt Imports Corp. y Conrado Valdés Balsinde; *Miguel Ángel Ortiz Lugo,* abogado de la recurrida Tiendas Donato, Inc.; *Teodoro Peña García,* de *Rodríguez Ramón, Peña & Cancio,* abogados de la recurrida La Esquina Famosa, Inc.; *Guillermo L. Arbona Enríquez* y *Jorge A. Rodríguez Fraticelli,* abogados de la recurrida Tiendas Arias.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

La demandante recurrente registró a su favor la marca de fábrica "Barong" el 5 de julio de 1978, aplicable a camisas, guayaberas, chaquetas o chaquetones, trajes y pantalones. La demandante utiliza alegadamente dicha marca desde mayo de 1975.

Los demandados recurridos son importadores o vendedores de camisas cuyas marcas contienen la palabra "Barong". Por entender que los demandados estaban infringiendo su marca de fábrica, la demandante instó la acción correspondiente. Los demandados solicitaron que se dictase sentencia sumaria a su favor sobre la base que la palabra "Barong" es genérica o descriptiva, ya que tal vocablo significa en las Islas Filipinas, entre otras acepciones en el idioma tagalo, camisa o guayabera. La demandante presentó a su vez moción de sentencia suma-

ria alegando, en esencia, que la voz "Barong" no es genérica ni descriptiva en Puerto Rico. El tribunal de instancia resolvió, sin recibir prueba, que el término "Barong" es de índole genérica y, por lo tanto, no susceptible de inscripción como marca de fábrica de conformidad con el Art. 4(e) de la Ley de Marcas de Fábrica de Puerto Rico, Ley Núm. 66 de 28 de julio de 1923 (10 L.P.R.A. sec. 194(e)). La demandante recurrió a este foro y expedimos auto de revisión.

El Art. 4(e) citado dispone:

No se registrará ninguna marca de fábrica que consista:

.　　　.　　　.　　　.　　　.　　　.　　　.　　　.

(e) en palabras descriptivas de los artículos en que se usan, o del carácter o calidad de dichos artículos, o simplemente de un nombre o término geográfico.

Esta norma proviene en última instancia del Derecho común. H. D. Nims, *The Law of Unfair Competition and Trade-Marks*, 3ra ed., New York, Baker, Voorhis & Co., 1929, pág. 630. Para el historial inmediato de nuestra Ley de Marcas de Fábrica y el valor persuasivo de la doctrina y la jurisprudencia norteamericana en su interpretación, véase: *Garriga Trad. Co., Inc.* v. *Century Pack. Corp.*, 107 D.P.R. 519 (1978).

Las partes en este caso aceptan que la palabra "barong" es un término descriptivo o genérico *en las Filipinas*. La cuestión a dilucidar es si el vocablo es genérico *en Puerto Rico*.

Existen diversas teorías sobre el problema de si una palabra que es descriptiva o genérica en un idioma o dialecto extranjero retiene ese carácter en el país receptor. La teoría seleccionada por el tribunal de instancia —que el carácter genérico se mantiene, no importa la naturaleza del idioma extranjero o la connotación que tenga para el público comprador— goza de considerable apoyo. J. T. McCarthy, *Trademarks and Unfair Competition*, Rochester,

New York, The Lawyers' Cooperative Publishing Co., 1973, Sec. 12:13, pág. 428; Nims, *supra*, pág. 630; C. Chapman, *Trade Marks*, New York, Harper & Bros., 1930, págs. 71–72; Seidel Dubroff y Gonda, *Trademark Law and Practice*, New York, Boardman Co., Ltd., 1963, Sec. 6.02, págs. 162–163. Otras autoridades consideran que tal regla se limita a idiomas principales de uso común en el país receptor. R. Callman, *The Law of Unfair Competition, Trademarks and Monopolies*, 3ra ed., Illinois, Calaghan & Co., 1969, Vol. 3, Sec. 71.6, pág. 190; Zivin, *Understanding Generic Words*, 63 Trademark Reporter 173, 177 (1973); *In re Northern Paper Mills*, 54 F.2d 998 (1933). Otra teoría sostiene que una palabra genérica extranjera puede ser acreedora a la protección que ofrece la legislación sobre marcas de fábrica si su uso no es común o su significado es oscuro en el país receptor. J. M. Calimafde, *Trademarks and Unfair Competition*, Brooklyn, New York, Alpert Press, Inc., 1970, Sec. 1.13, pág. 31; J. Gilson, *Trademark Protection and Practice*, New York, Matthew Bender, Sec. 2.02[4], n. 57 y texto que la acompaña; McCarthy, *op. cit.*, Sec. 12:13, n. 4 y texto que la acompaña; L. Holmqvist, *Degeneration of Trade Marks*, Malmö, Ab Bason-Tryck, 1971, págs. 90–91; *Norwich Pharmacal Co.* v. *American Pharmaceutical Co.*, 288 N.Y.S. 795 (1936); *Collyrium, Inc.* v. *John Wyeth & Bros.*, 3 N.Y.S.2d 42 (1938); *Le Blume Import Co.* v. *Coty*, 293 F. 344 (2nd Cir. 1923). La posición asumida por estas autoridades es sencilla: si el público en general conoce el significado genérico de la palabra en el idioma extranjero, la palabra mantendrá su carácter original. Si el significado genérico no es conocido, o lo es por una porción ínfima de la población general, entonces el vocablo perderá su condición genérica y será susceptible de convertirse en una marca de fábrica válida.

 Adoptamos esta última posición por considerarla más realista y ajustada a los fines de la legislación aplicable. ¿Qué es, a fin de cuentas, una marca de fábrica?

Una marca de fábrica denota distinción, es la manera mediante la cual se distingue en el mercado un producto de otro. Shipley, *Generic Trademarks, the F.T.C. and the Lanham Act: Covering the Market with Formica*, 20 Wm. & Mary L. Rev. 1 (1978); Colón, *Las Marcas de Fábrica en los Derechos Norteamericano y Puertorriqueño*, 29 Rev. de Derecho Puertorriqueño 38, 41-42 (1968). Cuando el término carece de distinción, cuando el público consumidor lo identifica con el artículo producido en vez de con el que lo produce o distribuye, entonces el vocablo es genérico. Folsom y Teply, *Trademarked Generic Words*, 89 Yale L.J. 1323, 1327 (1980). ¿Por qué aplicar una regla distinta cuando nos enfrentamos a palabras extranjeras? Rechazamos las teorías que, *grosso modo*, impiden que se registren en otro país, bajo circunstancia alguna, los términos de índole genérica en el país de origen. La distinción entre idiomas principales y exóticos nos parece también inaceptablemente rígida. Holmqvist, *op. cit.*, pág. 89. Estimamos que la realidad es más compleja. Cada término debe considerarse separadamente. Algunas palabras extranjeras, no registrables en el país de origen por su naturaleza genérica, pueden tener acceso válido al registro de otro país, mas otras no. La piedra de toque es la reacción del público consumidor. El vocablo extranjero no es genérico si se le identifica con el productor y no con el producto.

■ En su moción de sentencia sumaria los demandados no argumentan que el tagalo es un idioma tan conocido en Puerto Rico que la palabra "barong" significa camisa para el público consumidor. Únicamente señalan que el término se describe en el diccionario en inglés, *Webster's Third International Dictionary* (1971) y descansan en la teoría de que si el vocablo es genérico en el país de origen, conserva ese carácter en cualquier país receptor. Ello es insuficiente. No puede dictarse sentencia sumaria a favor de los demandados. Los demandados no han controvertido,

ni vemos cómo podrían controvertir, la posición de la demandante al efecto de que el tagalo es casi desconocido en Puerto Rico y que por "barong" no se entiende general-mente aquí el artículo conocido por guayabera.

Del otro lado, surgen dudas sobre el hecho de quién utilizó primero en el comercio puertorriqueño el término "barong". La cuestión se discute por los demandados y aun hay una determinación del tribunal de instancia sobre el particular, pero en el contexto de si el vocablo "barong" ha adquirido significado secundario en Puerto Rico, asunto que no es pertinente al caso. Si una palabra no es genérica, como "barong" no lo es en Puerto Rico, es innecesario explorar si el término ha adquirido significado secundario. En vista de la importancia del hecho referente a quién utilizó primero el término "barong", consideramos que debe recibirse prueba sobre ello en el contexto apropiado. Véanse: Callman, *op. cit.*, Sec. 76.1; McCarthy, *op. cit.*, Sec. 16.3; Calimafde, *op. cit.*, Sec. 4.09.

*Se revocará la sentencia recurrida y se devolverá el caso a instancia para procedimientos ulteriores compatibles con esta opinión.*