# 96 DTA 91

TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN, PANEL IV

LLORENS PHARMACEUTICAL CORP.
Demandante-Apelante

v.

PROPHARMA INC. y RIMACO, INC.
Demandados-Apelados

Núm. KLAN-96-00077

San Juan, Puerto Rico, a 14 de febrero de 1996

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se recurre de una sentencia parcial emitida el 20 de octubre de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en la cual se desestima una petición de interdicto y embargo presentada por la parte apelante Lloréns Pharmaceutical Corp. (en adelante Lloréns) y se deja sin efecto una orden de entredicho provisional emitida el 25 de septiembre de 1995.

Inconforme con el dictamen la parte apelante Lloréns presenta recurso de apelación ■ donde señala la comisión de cinco errores en los cuales alegadamente incidió el tribunal de instancia.

*"A. Se cometió error al señalar como estipulados o aceptados una serie de hechos que no fueron ni estipulados ni aceptados en la vista ni en el escrito posterior. Esos hechos que no fueron ni aceptados ni estipulados sirvieron de fundamento de la determinación del Tribunal, se señalarán a continuación:*

*1. Que Lloréns únicamente había registrado la palabra "Dologesic" y que no se incluyeron diseños, colores, o frases en el registro del Departamento de Estado. La parte compareciente no estipuló lo anterior.*

*2. Que la etiqueta que incluyó Lloréns en la solicitud de inscripción se hizo a los únicos efectos de demostrar cómo se adhería el nombre de la etiqueta a los envases del producto. Respetuosamente le indicamos a este Honorable Tribunal que las partes tampoco estipularon lo anterior.*

*3. Que la parte demandante reconoció en corte abierta que la inclusión de la frase alusiva a que se requiere receta médica para la dispensa de "Dologesic" fue puesta como una estrategia de mercadeo, pero no corresponde a la realidad del producto.*

*B. Se cometió error al señalar que no existe la probabilidad de confusión entre los consumidores por cuanto "Dologesic" es un producto para el cual su etiqueta requiere dispensa a través de receta médica.*

*C. Se cometió error al señalar que Lloréns sólo solicitó el registro exclusivo para la marca "Dologesic" y que ni en la solicitud de registración ni en el edicto publicado solicitó protección alguna para diseño, color, forma, lema o frases y que por lo tanto Lloréns no estableció que la etiqueta, sus colores o su diseño estuvieran debidamente registrados en el Departamento de Estado.*

*D. Este Honorable Tribunal expresó que se había levantado como exclusiva defensa por la parte compareciente en contra de la situación de las recetas que la etiqueta del producto "Dologesic" obedece exclusivamente a un estrategia de mercadeo.*

*E. Se cometió error al imponer a la parte demandante-peticionaria honorarios de abogado."*

Luego de evaluados los escritos presentados por las partes y los documentos que obran en autos procedemos a modificar la sentencia dictada y así modificada confirmarla por los siguientes fundamentos.

## I

Los hechos que se presentan ante nuestra consideración se pueden resumir de la siguiente manera.

La parte apelante Lloréns es una corporación debidamente organizada por ley la cual distribuye y tiene registrado el producto *"Dologesic"* desde julio de 1992. La parte apelada Propharma y Rimaco, Inc. (en adelante Propharma) antiguo manufacturero de las tabletas y líquidos de Lloréns, introdujo en el mercado en diciembre de 1994 un nuevo producto llamado *"Novagesic"* sin receta médica.

Alega Lloréns que el empaque y etiqueta de Novagesic es una imitación del empaque y etiqueta de Dologesic, lo cual podría causar confusión en los consumidores a la hora de escoger un analgésico.

Además el mercadeo de este producto está causándole pérdidas económicas a Lloréns pues el primero se vende a una tercera parte por debajo del precio a que se vende Dologesic.

Por su parte Propharma aduce; que si bien Lloréns solicitó el registro exclusivo de la marca Dologesic en el Departamento de Estado, en su petición no hizo alusión a protección alguna para el diseño, color, formas, lemas o frases aplicables al producto por lo que no tenía exclusividad sobre estos aspectos. Además había diferencia entre ambos medicamentos pues Dologesic debía ser dispensado sólo por receta médica según la inscripción de su etiqueta.

Para el 12 de septiembre de 1995 Lloréns radicó demanda sobre daños y perjuicios y violación a la ley de marcas de fábrica contra Propharma y solicitud de orden provisional y embargo preventivo para que Propharma paralizara, cesara y desistiera del uso de la marca Novagesic hasta que se dictara la sentencia sobre el asunto en cuestión. El 13 de noviembre de 1995, Propharma contestó la demanda y posteriormente preparó un memorando en oposición a la orden solicitando el entredicho preliminar. El tribunal de instancia por su parte, conforme a los memorandos de derecho presentados por las partes y las estipulaciones de hechos, dictó sentencia parcial el 20 de octubre de 1995 desestimando la petición de interdicto y embargo presentada por Lloréns y dejó sin efecto la orden de entredicho provisional antes emitida. De dicha determinación recurre ante nos Lloréns mediante el presente recurso de apelación.

## II

En cuanto al primer error en que se alega que incidió el tribunal de instancia al establecer una serie de hechos en la sentencia que no fueron estipulados ni aceptados por la parte apelante, debemos señalar que no se cometió por lo siguiente.

Es norma reconocida en nuestra jurisdicción que la apelación de una sentencia se da contra ésta y no sus fundamentos. *Cintrón Santana v. Betancourt Lebrón*, a 30 de junio de 1992, **92 J.T.S. 100**, pág. 9786; *Sánchez v. Eastern*, 114 D.P.R. 691, 695 (1983). En nuestra función apelativa debemos analizar si la disposición final del caso por parte del tribunal de instancia fue correcta, aunque los fundamentos expuestos sean erróneos. *Vélez Rodríguez v. Amaro Cora*, opinión de 10 de abril de 1995, **95 J.T.S. 38**, pág. 759; *Asociación de Hoteles v. E.L.A.*, opinión de 26 de octubre de 1992, **92 J.T.S. 138**, pág. 10031. (Casos citados.) Acorde a los principios de derecho antes esbozados analicemos el error del tribunal de instancia al dar por admitidas unas estipulaciones que no fueron hechas alegadamente por la parte apelante Lloréns.

Referente a que Lloréns no estipuló que los diseños, colores, formas y frases del producto no se habían registrado en el Departamento de Estado, del examen de la prueba documental que tuvo ante sí el tribunal de instancia, se puede adjudicar la referida controversia, sin la necesidad de una estipulación por las partes. De la solicitud de registro de marca de fábrica que se presentó por Lloréns en el Departamento de Estado surge de manera fehaciente en el apartado correspondiente a Descripción de Marca, en los encasillados titulados: Diseños, Colores, Formas, Lemas o Frases, que se escribieron las letras N/A, de no aplica, pero no se hizo descripción alguna para ser registrada, lo único que surge como registrado es la palabra Dologesic. (Ap. 2, Apelante.)

De otra parte en cuanto a la controversia de que no se estipuló, que la inscripción en la etiqueta del producto alusiva a que se requiere receta médica para ser dispensada, fue una estrategia de mercadeo, de la prueba documental presentada surge dicha inscripción. (Ap. 1, Apelante). Siendo la controversia una relacionada con el registro de la marca, la conclusión respecto a si la inscripción era una estrategia de mercadeo, no era la única circunstancia a ser evaluada para la resolución final del caso. ■

Resolvemos cónsono con lo antes mencionado, que el tribunal de instancia no incidió al emitir sus conclusiones según las alegadas estipulaciones, ya que independientemente de éstas, la prueba documental que tuvo ante sí sostiene las mismas.

## III

El segundo, tercer y cuarto error por estar relacionados procedemos a discutirlos en conjunto.

La Ley de Marcas de Fábrica de Puerto Rico de 14 de agosto de 1991, 10 L.P.R.A. sec. 171 *et seq.*,

define específicamente el vocablo marca como todo signo o medio que sirva para distinguir en el mercado productos o servicios de una persona, de productos o servicios de otra persona, 10 L.P.R.A. sec. 171(a). Una marca es un símbolo mediante el cual un comerciante identifica sus productos.

El derecho de propiedad sobre una marca se adquiere mediante una solicitud presentada en el Departamento de Estado donde se incluya la descripción de lo que se desea inscribir. Art. 4, 10 L.P.R.A. sec. 171(b). (Sup.) Para tales fines se provee un formato en el cual se incluye unos encasillados donde, el solicitante deberá hacer una descripción sobre los diseños, colores, formas y lemas que se desean registrar.

En nuestra jurisdicción *"existe una violación o infracción al derecho propietario de una marca de fábrica únicamente si la marca utilizada posteriormente por un competidor u otro comerciante crea una probabilidad de confusión al consumidor con respecto a la marca protegida." Posadas de Puerto Rico v. Sands Hotel,* opinión de 30 de junio de 1992, **92 J.T.S. 89**, pág. 9674.

A tenor con lo antes expuesto, la Ley de Marcas contempla que el registro de una marca será evidencia *prima facie* de propiedad y que cualquier persona que, sin el consentimiento del titular registral de una marca, reproduzca, falsifique, copie o imite cualquier marca y la use o intente usarla en el comercio en Puerto Rico, estará sujeta a un interdicto, acción en daños u orden de incautación. Art. 25, 10 L.P.R.A. sec. 171(w). (Sup.)

En un pleito de esta naturaleza basta probar *prima facie* por la parte apelante la posibilidad de que el uso por la parte apelada de una marca de fábrica parecida puede ocasionar confusión o equivocación en la mente del público, sin que tenga que probar que dicha confusión se produjo de hecho, en cuyo caso pasaría a ser responsabilidad de la parte apelada justificar lo contrario. *Beléndez Solá, Inc. v. Rivera,* 102 D.P.R. 276, 278 (1974). De igual forma se ha resuelto que el Secretario de Estado en el descargo de su responsabilidad debe abstenerse de inscribir una marca "[q]ue tanto se asemeje a la marca de fábrica perteneciente a otro, que sea muy probable que ocasione confusión o equivocación entre la mente del público, o de lugar a engaño de los compradores..." *Garriga Trad. Co. Inc. v. Century Pack Corp.,* 107 D.P.R. 519, 526 (1978). ■ El Secretario de Estado en última instancia es el llamado a dirimir conflictos relacionados a marcas sustancialmente idénticas y a velar porque exista un registro libre de ambiguedades que perjudiquen a los usuarios. 10 L.P.R.A. sec. 171 (g). (Sup.)

Los hechos en el presente caso establecen, que con la solicitud del registro de marca de Dologesic, no se hizo descripción respecto a diseños, colores, formas, lemas o frases e incluso en el edicto que se publicó sólo hizo referencia al nombre del analgésico, sin detallar ningún otro aspecto sobre el producto.

En este sentido dado que nuestra Ley de Marcas es de carácter registral y no sustantivo, a la parte apelante no le cobija el derecho de reclamar protección sobre los colores, formas y diseños de la etiqueta de Dologesic, pues tales características no fueron registradas con carácter de exclusividad, conforme lo resuelto por el tribunal de instancia.

## IV

Ahora bien, concluido que la parte apelante Lloréns no tenía la protección del registro que dispone la ley sobre los colores, diseños y formas de la etiqueta del producto, debemos analizar si se dan las circunstancias para que opere la doctrina de significación secundaria.

La doctrina de la significación secundaria se relaciona con un término descriptivo que da base a que surja un nuevo derecho de propiedad sobre una marca de fábrica con derecho a ser protegida. En ella el conjunto de colores, diseños y palabras adquieren un significado secundario en el mercado que crean a favor de quien la reclama un derecho de propiedad protegido en nuestro ordenamiento. *Cooperativa Cafeteros v. Colón Colón,* 91 D.P.R. 372, 388 (1964). Como norma general una mera posibilidad de confusión en el consumidor corriente y prudente no es suficiente sino al contrario, es necesario que se demuestre en la alternativa la adquisición de una significación secundaria. *Colgate v. Mistolín, supra,* pág. 323.

Con respecto al grado de confusión que debe haber para incoar una acción de esta naturaleza nuestro más alto foro ha reiterado que no hay una norma precisa usada para determinar la existencia de probabilidad de confusión entre dos productos. Se determina el mismo a base de las circunstancias de cada caso según un análisis de los factores que han sido desarrollados jurisprudencialmente como: la similaridad entre las marcas; similaridad de los productos o servicios; la fuerza de la marca o su distintivo; la intención del segundo usuario al adoptar la marca; y evidencia de confusión actual o real. *Posadas de Puerto Rico v. Sands Hotel, supra*, pág. 9675. Lo crucial es determinar que más que posible, la confusión necesaria tiene que ser probable pues la finalidad de una marca no es sólo señalar el origen del producto en cuestión sino también su calidad e individualidad. *Colgate Palmolive v. Mistolín,* 117 D.P.R. 313; 332 (1986); *Colón v. Carlos Martínez, Inc.*, 112 D.P.R. 846, 850 (1982).

Acorde a los hechos en el presente caso y el derecho antes enunciado, estamos contestes con el tribunal sentenciador en que no se creó la confusión alegada. Aduce Lloréns que el producto Novagesic es vendido en los mismos analgésicos y que el parecido en el empaque y la etiqueta es tan obvio que a una persona de inteligencia promedio se le haría difícil distinguirlos.

Como cuestión de hecho quedó establecido por la prueba presentada, que Dologesic no puede ser vendido a ninguna persona que no presente previamente al farmacéutico una receta médica ya que así se consigna en su etiqueta. Esta situación pone en condiciones de diferenciar ambos productos pues Novagesic distinto al producto de Dologesic puede ser adquirido por el consumidor sin este tipo de limitación de receta.

Haciendo un balance de los factores expuestos y analizando las similitudes alegadas y la diferencia de que un producto requiere de receta para la venta, concluimos al igual que el tribunal de instancia, que la parte apelante Lloréns no presentó prueba para demostrar la existencia de una significación secundaria que relacionara los colores, diseños y forma del producto con la marca. ■

## V

Por último, de la evaluación de los autos, colegimos que no procede la imposición de honorarios de abogado a la parte apelante Lloréns. La condena al pago de honorarios de abogado por temeridad tiene el propósito de penalizar o sancionar, la obstinación, contumacia e insistencia en tramitar una causa de acción sin fundamentos. *Pérez Marrero v. Colegio de Cirujanos,* opinión de 15 de septiembre de 1992, **92 J.T.S. 124,** pág. 9944; *Corpak, Inc. y Art Printing, Inc. v. Ramallo Brothers Printing, Inc;* opinión de 9 de marzo de 1990, **90 J.T.S. 37,** pág. 7571.

Del expediente no surge que la presente causa de acción fuera una frívola o tramitada sin fundamentos. De otra parte no podemos concluir de los autos, que la parte apelante hubiese dilatado o hubiese provocado gastos innecesarios en la litigación, por lo cual no procede la imposición de honorarios de abogados por temeridad y los mismos se ordena que sean eliminados.

## VI

Por los anteriores fundamentos se modifica la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan a los únicos fines de eliminar la disposición referente a la imposición de honorarios de abogado, y así modificada se confirma.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 96 DTA 91

**1.** El presente recurso fue presentado originalmente como *certiorari* y mediante Resolución de 2 de enero de 1996, se acogió el mismo como un recurso de apelación por concluir que se trata de una revisión de una sentencia parcial final que adjudica la reclamación de la peticionaria. *First Federal Savings Bank v. Nazario González,* opinión de 30 de junio de 1995, **95 J.T.S. 101,** pág. 1072.

**2.** Véase en el escrito de apelación pág. 6, que la parte apelante Lloréns acepta un comentario sobre tales extremos y citamos; *"[L]a parte compareciente sostiene respetuosamente que **tal expresión es incorrecta,** nuestro único comentario relacionado fue el especular que la venta por recetas o sin recetas podía muy bien responder a una estrategia de mercadeo".* (Enfasis suplido.)

**3.** La parte apelante Lloréns presentó el 14 de noviembre de 1995 en el Departamento de Estado un aviso de oposición de registro de marca de fábrica (Ap. 3, Apelante.)

**4.** Cabe el señalar que se demostró que el sufijo *"gesic"* es utilizado en por lo menos diez (10) productos en la industria farmacéutica y que la parte apelante Lloréns no reclamó titularidad del mismo.